Louis **MONTOYA**, Appellant (Defendant),

v.

The **STATE** of Wyoming,
Appellee (Plaintiff).

No. 97–207.

Supreme Court of Wyoming.

Dec. 22, 1998.

Sylvia Hackl, State Public Defender, and Donna D. Domonkos, Appellate Counsel, for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Hugh Kenny, Senior Assistant Attorney General, for Appellee (Plaintiff).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Appellant Louis Montoya was convicted of possession of a controlled substance in violation of W.S. 35–7–1031(c)(i), a felony offense due to Montoya's two prior possession convictions. Montoya seeks reversal of his conviction, claiming prosecutorial misconduct during closing argument. We agree that

certain statements made by the prosecutor in closing were improper; however, Montoya has not demonstrated that the improper remarks rose to the level of plain error which would warrant reversal. The Judgment and Sentence is affirmed.

### ISSUES

Montoya presents a single issue for review: Whether the prosecutor improperly referred to facts not supported by the evidence during its closing argument?

The State rephrases the issue in this way:

I. When viewed in its entirety, did the prosecutor's final argument pose a substantial risk of a miscarriage of justice?

### FACTS

On June 29, 1996, Officer Michael Concepcion witnessed a vehicle spinning its tires and "exhibiting speed." Officer Concepcion pulled the vehicle over and initiated a routine traffic stop. When asked for his driver's license and the vehicle registration, the driver, Montoya, could not comply. A records check showed that Montoya's license was under suspension, and he was placed under arrest.

As a safety precaution before beginning a search of Montoya incident to the arrest, Officer Concepcion asked Montoya if he had any drugs, knives, or needles. Montoya told the officer that he had needles in his vest pocket. Officer Concepcion felt the needles and also found a small plastic bag containing what appeared to be marijuana. In a field test, the contents of the bag tested presumptively positive for marijuana; and later testing by the Division of Criminal Investigation confirmed that result.

Montoya was charged with one count of possession of a controlled substance in violation of W.S. 35–7–1031(c)(i), with a felony enhancement due to two prior possession convictions. He pled not guilty, and a jury trial was held on January 6, 1997. The jury found Montoya guilty of the charged crime, and he was sentenced to a term of not less than four nor more than five years in the

* Chief Justice at time of expedited case confer-    ence; retired November 2, 1998.

Wyoming State Penitentiary. He appeals, asserting the prosecutor made impermissible statements during his closing argument which denied him a fair trial.

### STANDARD OF REVIEW

Montoya made no objection to the prosecutor's closing argument. The general rule in Wyoming is that a failure to interpose a timely objection to improper argument is treated as a waiver, unless the prosecutor's misconduct is so flagrant as to constitute plain error, requiring reversal. *Armstrong v. State*, 826 P.2d 1106, 1115 (Wyo.1992). A plain error analysis requires the appellant to demonstrate the violation of a clear and unequivocal rule of law, clearly reflected in the record, resulting in the abridgment of a substantial right of the party to his material prejudice. *Arevalo v. State*, 939 P.2d 228, 232 (Wyo.1997). We are reluctant to find plain error in closing arguments "lest the trial court becomes required to control argument because opposing counsel does not object." *James v. State*, 888 P.2d 200, 207 (Wyo.1994) (quoting *Taul v. State*, 862 P.2d 649, 659 (Wyo.1993)).

In analyzing claims of prosecutorial misconduct, we consider the prosecutor's argument in the context in which it was made and with regard to the evidence produced at trial. *Taul v. State*, 862 P.2d 649, 659 (Wyo. 1993). Although counsel are allowed great latitude in the argument of cases, argument must be kept within the evidence. *Dice v. State*, 825 P.2d 379, 384 (Wyo.1992). Statements calculated to inflame, prejudice or mislead the jury are not permitted. *Taul*, 862 P.2d at 659.

### DISCUSSION

Montoya contends that in an attempt to discredit Montoya's theory of defense, the prosecutor twice improperly referred to facts not supported by the evidence during his closing argument. Montoya's theory of defense was based on his claim that he was not a marijuana smoker and thus not intentionally in possession of the marijuana. Montoya argues that the prosecutor improperly: 1) remarked on Montoya's two prior convictions for possession of marijuana, only one of

which indicated on its face the controlled substance he possessed was marijuana; and 2) stated that Montoya had admitted, during a presentence investigation on an earlier charge, that he used marijuana for over twenty years. We address those claims in turn.

During trial, certified copies of the judgment and sentence in Criminal Action No. 9880 and Criminal Action No. 890362 were admitted into evidence without objection. The district court judgment in Criminal Action No. 9880 specifically recites that Montoya was convicted of possession of marijuana. Montoya complains that the county court judgment in Criminal Action No. 890362 does not identify the controlled substance Montoya possessed. The judgment and sentence identifies the offense by reference to the applicable statute numbers: "W.S.1977, as amended § 35–7–1014(d)(xiii) and § 35–7–1031(c)." Section 35–7–1031(c) proscribes possession of a controlled substance. Section 35–7–1014(d) lists Schedule I controlled substances; subsection (xiii) is "Marihuana." The fact that Montoya had two prior convictions for possession of marijuana was fully supported by the evidence. Even assuming otherwise, it is not improper for the prosecutor to refer to facts of which the court may take judicial notice. *See* AMERICAN BAR ASSOCIATION, STANDARDS FOR CRIMINAL JUSTICE 3–5.9 (2nd ed.1986). The prosecutor's reference to Montoya's two convictions was not in error.

Of concern to this court is the prosecutor's reference to statements Montoya allegedly made in a presentence investigation report for a prior offense. Montoya has demonstrated that these remarks satisfy the first two steps of the plain error analysis. The record clearly reflects the violation of a clear and unequivocal rule of law. Montoya denied making the admission, and it is clear from the record that the prosecutor neglected to present any evidence to prove that he did. Indeed, it is doubtful whether the prosecutor could have done so, given the statutory privilege limiting the disclosure of such information. *See* W.S. 7–13–409. It is well-settled law that an attorney's arguments are

limited to the evidence presented in the courtroom. *Chavez–Becerra v. State*, 924 P.2d 63, 70 (Wyo.1996); *Dice*, 825 P.2d at 384; *see also* STANDARDS FOR CRIMINAL JUSTICE, *supra*, 3–5.8, 3–5.9 (ethical rules for prosecutors to the same effect).

Remaining for our consideration is the question of whether the prosecutor's improper comments adversely affected a substantial right of Montoya to his material prejudice. The right with which we are concerned is the fundamental right to a fair trial, free from tainted argument. *Jones v. State*, 580 P.2d 1150, 1154 (Wyo.1978). The potential prejudice to a defendant when a prosecutor refers to facts outside the record arises because the prosecutor has effectively assumed the role of an unsworn witness, lending the dignity and prestige of his office to the State's case. JOSEPH F. LAWLESS, JR., PROSECUTORIAL MISCONDUCT § 9.22 cmt. (1985). However, after carefully reviewing the prosecutor's closing argument in its entirety, we conclude that Montoya was not deprived of a fair trial.

The prosecutor's reference to Montoya's alleged statement to his probation officer was an isolated occurrence in the closing argument. The jury had before it other evidence which tended to discredit Montoya's testimony that he did not use, and had never used, marijuana, namely, the prior convictions for possession. Additionally, the court instructed the jury before both opening and closing statements that any statements made by counsel concerning the facts of the case were not to be regarded as evidence, and that the jury's determination was to be governed solely by the evidence. Under these circumstances, we cannot unequivocally say Montoya was materially prejudiced. *See Jones*, 580 P.2d at 1154, (isolated statement did not result in material prejudice), *Christian v. State*, 883 P.2d 376, 381 (Wyo.1994) (other evidence produced at trial, coupled with jury instructions, resulted in no material prejudice), *James*, 888 P.2d at 208 (same). We hold that the prosecutor's conduct, while improper and unprofessional, did not constitute plain error warranting a new trial.

At this juncture, we believe it necessary to emphatically remind counsel that such conduct is not condoned by this court, and prosecutors would do well to avoid the tightrope between non-prejudicial and reversible error. The ethical duty of the prosecutor is an extraordinary obligation which exceeds that imposed upon defense counsel. LAWLESS, PROSECUTORIAL MISCONDUCT, *supra*, § 9.09. "Prosecutors must always keep in mind that their duty is to seek justice, not merely to convict, which is most certainly a difficult duty to be carried out carefully and cautiously." *Jeschke v. State*, 642 P.2d 1298, 1303 (Wyo.1982).

Affirmed.