Stephen LEIKER, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 98–87.

Supreme Court of Wyoming.

Dec. 28, 1999.

Representing Appellant: Sylvia Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Cathleen E. Reed, Student Extern. Argument by Ms. Reed.

Representing Appellee: William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Michelle M. McColloch Burns, Student Intern. Argument by Ms. McColloch Burns.

Before LEHMAN, C.J., and THOMAS, MACY, and GOLDEN, JJ., and TAYLOR, J. Ret.

LEHMAN, Chief Justice.

Convicted of larceny by bailee, appellant Stephen Leiker contends that during closing argument the prosecutor improperly instilled his own opinion regarding the weight of the evidence, shifted the burden of proof, and attacked the integrity of defense counsel infringing upon his right to a fair trial. Leiker failed to object at the time of the prosecutor's closing argument. Finding no plain error, we affirm.

## ISSUES

Leiker presents one issue for our review:

The Appellant was denied a fair trial as guaranteed by the Due Process Clauses of the United States and Wyoming Constitutions because of prosecutorial misconduct during the closing argument.

The State restates the issue as:

Did counsel for the State commit prosecutorial misconduct in his closing argument?

1. Wyo. Stat. Ann. § 6–3–402 (Lexis 1999) provides in pertinent part:
   (b) A bailee, a public servant as defined by W.S. 6–5–101(a)(vi) or any person entrusted with the control, care or custody of any money or other property who, with intent to steal or to deprive the owner of the property, converts the property to his own or another's use is guilty of larceny.

## FACTS

On January 17, 1997, at about 10:00 a.m., Leiker borrowed Rhonda Davis' 1991 Pontiac Grand Am with the understanding that the vehicle had to be returned by 3:00 p.m. He returned before the designated time, but asked if he could borrow the car for an additional 45 minutes. Davis agreed, but told him to return the car promptly because she was loading the vehicle for an upcoming trip. Leiker did not return in 45 minutes.

Fifteen days later, on February 1, 1997, Leiker was apprehended by a Kansas Highway Patrolman on I–70 in Sherman County, Kansas. Leiker told the Patrolman that he had borrowed the car from Davis and that he was on his way to Missouri. After Leiker was taken into custody, inspection of the vehicle revealed a broken window, a bent wheel and fender, and an interior that "looked like it had been basically lived in for a few days."

At trial Leiker attempted to show that the incident resulted from miscommunication. Davis presented a different version of the facts, which her friend Nancy Stroh corroborated. Stroh testified that she heard the conversation wherein both parties understood the 45–minute time limit. A jury found Leiker guilty of larceny by bailee in violation of Wyo. Stat. Ann. § 6–3–402(b) and (c)(i) (Lexis 1999),[1] and he was sentenced to a term of four to six years in the Wyoming State Penitentiary. Leiker appeals.

## STANDARD OF REVIEW

Leiker did not object to the prosecutor's closing argument; and, therefore, our review is limited to a search for plain error.

A plain error analysis requires the appellant to demonstrate the violation of a clear and unequivocal rule of law, clearly re-

(c) ... larceny is:
   (i) a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the property is five hundred dollars ($500.00) or more[.]

flected in the record, resulting in the abridgment of a substantial right of the party to his material prejudice. *Arevalo v. State*, 939 P.2d 228, 232 (Wyo.1997). We are reluctant to find plain error in closing arguments "lest the trial court becomes required to control argument because opposing counsel does not object." *James v. State*, 888 P.2d 200, 207 (Wyo.1994) (quoting *Taul v. State*, 862 P.2d 649, 659 (Wyo. 1993)).

*Montoya v. State*, 971 P.2d 134, 136 (Wyo. 1998).

▮ In reviewing claims of prosecutorial misconduct we look at the closing argument in the context of the entire record to determine whether the prejudice to the defendant's case amounted to the denial of a fair trial. Furthermore, we will not disturb the trial court's ruling concerning the scope of permissible argument absent a "clear or patent" abuse of discretion that creates a reasonable probability that the defendant would have received a more favorable verdict. *Gayler v. State*, 957 P.2d 855, 860 (Wyo. 1998); *Arevalo v. State*, 939 P.2d 228, 230 (Wyo.1997).

### DISCUSSION

Leiker contends that the prosecutor improperly introduced his own opinion into the closing argument regarding the weight of the evidence when he told the jury:

> Ladies and Gentlemen, it's rare that I say this, but sometimes there are certain defenses that are truly laughable. They are funny.

▮ In presenting closing argument, the prosecutor is entitled to reflect upon the evidence and to draw reasonable inferences from that evidence to assist the jury in its function. *Armstrong v. State*, 826 P.2d 1106, 1116 (Wyo.1992); *Jeschke v. State*, 642 P.2d 1298, 1301–02 (Wyo.1982). "The purpose of closing argument is to allow counsel to offer ways of viewing the significance of the evidence." *Virgilio v. State*, 834 P.2d 1125, 1127 (Wyo.1992); *see also Pearson v. State*, 811 P.2d 704, 708 (Wyo.1991); *Browder v. State*, 639 P.2d 889, 893 (Wyo.1982). However, we have often stated that a prosecuting

attorney may not inject his opinion as to the weight of the evidence when arguing to the jury. *Harper v. State*, 970 P.2d 400, 405 (Wyo.1998); *McLaughlin v. State*, 780 P.2d 964, 967 (Wyo.1989); *Barnes v. State*, 642 P.2d 1263, 1265 (Wyo.1982). Furthermore, argument designed to appeal to the juror's passion or prejudice is improper. *Gayler v. State*, 957 P.2d at 861; *Armstrong v. State*, 826 P.2d at 1116.

▮ Viewing the comment in light of the entire record, we cannot conclude that the remark improperly injected the prosecutor's opinion. Nevertheless, even assuming that the prosecutor's remarks were improper, Leiker failed to show that the error was so egregious as to deny him a substantial right or cause material prejudice. *See Harper v. State*, 970 P.2d 400. Applying the plain error analysis, Leiker failed to show that the prosecutor's remark resulted in a denial of a fair trial. Considering the entire record, there is no reasonable probability that Leiker would have enjoyed a more favorable verdict absent the remark. Consequently, the prosecutor's remarks were not fundamentally unfair to the trial process, and no plain error occurred.

▮ Next, Leiker asserts that when the prosecutor argued the lack of evidence disproving the State's case, he shifted the burden of proof. At different times during his closing argument, the prosecutor said:

> And there is no evidence at all that this car is not worth over $500.
>
> There's no proof that it wasn't stolen.
>
> There's absolutely no evidence that this car is not worth $500.
>
> There is no evidence that the defendant intended to return this car.

A fundamental principle of our system of criminal justice is that the burden of proof rests upon the State and never shifts. *Harper*, 970 P.2d at 405; *Stephens v. State*, 774 P.2d 60, 75 (Wyo.1989). We have, however, recognized that

> [i]t is not improper for the government to draw attention to the failure or lack of evidence on a point, if it is not intended to call attention to the failure of the defendant to testify.

*Vigil v. State,* 926 P.2d 351, 359 (Wyo.1996) (quoting *Knowles v. United States,* 224 F.2d 168, 169 (10th Cir.1955)). The prosecutor raised the lack of evidence on a point and was not discussing the defendant's failure to testify. The comments, therefore, fall well within this standard and constituted proper argument for the closing statement.

Additionally, Leiker claims that the prosecutor overstepped the bounds of propriety by attacking the integrity of defense counsel. Leiker points to the end of the prosecutor's closing for the offending language:

> Judge the defendant by his acts, not by his attorney's words. ***Not when he has every reason to lie.***

(Emphasis added.)

 Personal attacks on defense counsel are impermissible, and the United States Supreme Court has stated the general rule:

> It is firmly established that the lawyer should abstain from any allusion to the personal peculiarities and idiosyncrasies of opposing counsel. A personal attack by the prosecutor on defense counsel is improper, and the duty to abstain from such attacks is obviously reciprocal.

*United States v. Young,* 470 U.S. 1, 10, 105 S.Ct. 1038, 1043, 84 L.Ed.2d 1 (1985), (quoting ABA Standards for Criminal Justice 4–7.8, p. 4.97). Viewing this last comment in the context of the entire closing, this remark was directed at Leiker and not defense counsel. The remark concluded the prosecutor's argument that, between Davis and Leiker, Leiker had the most to lose by being truthful. As such, it was not improper.

### CONCLUSION

The prosecutor's statements were proper within the context of the entire argument. Furthermore, Leiker failed to show that the prosecutor's remarks deprived him of a substantial right or caused material prejudice resulting in fundamental unfairness to the trial process.

Affirmed.