2002 WY 40

**Melody HOWARD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 00–243.

Supreme Court of Wyoming.

March 15, 2002.

Sylvia Lee Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; and Tina N. Kerin, Assistant Appellate Counsel, Representing Appellant.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling and Kimberly A. Baker, Assistant Attorneys General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

HILL, Justice.

[¶ 1]   Melody Howard (Appellant) appeals her convictions on one count of forgery and one count of credit card fraud. Appellant alleges error in the prosecution's failure to timely respond to a request for intent to use evidence under W.R.E. 404(b), in the prosecutor's remarks during closing argument, and in the sufficiency of the evidence to sustain her forgery conviction. We find no errors and affirm Appellant's convictions, but we modify the rule of *Vigil v. State,* 926 P.2d 351 (Wyo.1996) in regard to the admission of evidence under W.R.E. 404(b).

[¶ 2]   Appellant presents three issues for review:

I.   Did the trial court abuse its discretion in allowing the State to use 404(b) evidence where notice of such had been requested by the defense, but not disclosed by the State until the morning of trial?

II.   Did the prosecutor commit prosecutorial misconduct when she used a prior conviction of appellant in closing argument to argue that appellant had a criminal propensity to commit such crimes?

III.   Was there insufficient evidence to convict appellant of forgery?

The State concurs with Appellant's presentation of the issues:

I.   Whether the trial court abused its discretion in admitting evidence?

II.   Whether the prosecutor committed misconduct in closing argument?

III.   Whether there was sufficient evidence to convict appellant of forgery?

Appellant offered an additional issue in her reply to the State's brief:

Did the State fail to provide cogent argument or pertinent authority for its argument that no notice of the 404(b) evidence was required?

## FACTS

[¶ 3]   In April of 1998, Carrie Huff gave her estranged husband's credit card numbers to her housemate, Warren Harlow (Harlow). The numbers were written on a piece of paper, and at no time did Harlow ever possess the actual card.  Harlow used the card to purchase gasoline, cigarettes, and snacks from two convenience stores in Casper.  The clerk who processed all of the transactions at both locations was Appellant, who would manually enter the card number into the machine.  Harlow would sign the receipts in the name of the cardholder, Eric Huff. On several occasions, Appellant would enter an amount greater than the merchandise pur-

chased and give the overcharge to Harlow as cash back.

[¶ 4] Inevitably, Eric Huff received a bill from his credit card company with the unauthorized charges on it. An investigation quickly led the police to Harlow and Appellant. Appellant was charged with two counts of forgery in violation of Wyo. Stat. Ann. §§ 6–3–602(a)(ii) and (b), two counts of conspiracy to commit forgery in violation of Wyo. Stat. Ann. §§ 6–1–303(a) and 6–3–602(a) and (b), and one count of unlawful use of a credit card in violation of Wyo. Stat. Ann. §§ 6–3–802(a)(i) and (b)(iii). Harlow, meanwhile, pleaded guilty to charges of forgery and credit card fraud and agreed to testify against Appellant.

[¶ 5] On February 12, 1999, Appellant filed a "Defendant's Demand for Speedy Trial and Demand for Notice of Intent to Introduce Evidence Under 404(b)." The demand, as it related to W.R.E. 404(b) evidence, provided:

THE DEFENDANT HEREBY FURTHER DEMANDS the State provide Notice of intent to introduce any evidence under Rule 404(b) of the Wyoming Rules of Evidence (W.R.E.). Said Notice shall include the specific evidence the State wishes to introduce, and the legal authority or theory for the admissibility of same. Said Notice shall also be given to the Defense in a timely manner prior to the trial in this matter so the Defense may prepare objections and request a hearing to determine the admissibility of said evidence.

The trial was scheduled to commence on July 12, 1999. That morning, prior to jury selection, the trial judge held a hearing to resolve any pretrial issues. At this time, the prosecutor gave the first indication that the State planned to introduce evidence of Appellant's use of illegal drugs (methamphetamine). The State's theory was that Appellant and Harlow used the cash from the overcharges on the credit card to obtain drugs. The State planned to introduce evidence to that effect through two witnesses: Harlow and the police detective who interviewed Appellant. The defense objected to the evidence on two grounds: (1) the lack of notice in light of their request; and (2) the evidence was unfairly prejudicial. The district court granted the defense's motion to bar the evidence but indicated it would reconsider the matter after jury selection.

[¶ 6] After jury selection, the district court revisited the defense's motion and decided to allow the evidence. At one point, the district court speculated that the proposed evidence might not fall under Rule 404(b):

The initial observation I'll make is that much of the case law dealing with prior acts—and in this particular case, it appears to me that the offered evidence is not in the category of prior acts, but is, in fact, part in [sic] parcel of the offenses charged and at issue in this trial.

The trial judge later noted "... that it would appear that they [the alleged drug act evidence] are part of the conspiratorial acts that are alleged. So I think that they would be proper evidence in connection with the conspiracy charges alone." Nevertheless, the court proceeded to analyze the admissibility of the evidence under Rule 404(b) in light of the factors set out by this Court in *Vigil*. The court concluded that the evidence was admissible to show motive, plan, preparation, and/or absence of mistake. The trial judge offered the defense the opportunity for a limiting instruction. The defense did not avail itself of the offer.

[¶ 7] The State's plan to put the drug evidence before the jury did not go quite as it had planned. In her opening statement, the prosecutor stated she would present testimony from Harlow and a police detective that Appellant and Harlow had jointly used the cash from the credit card overcharges to purchase drugs. At trial, the State called Harlow to the stand to testify against Appellant. Harlow, however, refused to testify about the drugs. Since he had not been charged with any crimes related to drugs or been granted immunity for his testimony, Harlow was naturally reluctant to testify and invoked his Fifth Amendment right against self-incrimination. The trial judge upheld Harlow's invocation and refused to allow the State to make any inquires into that area. The police detective called by the State did

testify that during an interview, Appellant stated that she and Harlow used the money from the credit card to obtain drugs.

[¶ 8] Appellant's defense was that she believed Harlow had permission to use the credit card. She testified that during his first purchase, Harlow made a telephone call and handed the receiver to her. The male individual on the line identified himself as Eric Huff and stated that Harlow had permission to use the card. Appellant denied receiving any benefits from Harlow's usage of the card, including cash or drugs.

[¶ 9] After the State presented its evidence, Appellant moved for acquittal on all counts. The district court granted the motion on the two conspiracy charges. Appellant renewed her motion for acquittal on the other charges after the presentation of her defense. The trial judge granted the motion on one of the forgery counts but allowed one count of forgery and one count of credit card fraud to go to the jury. A guilty verdict was returned on both counts. Additional facts will be mentioned in the following discussion, as necessary.

## DISCUSSION

*Demand for Notice of Intent to Use Rule 404(b) Evidence*

[¶ 10] Appellant argues that the district court abused its discretion in admitting the Rule 404(b) evidence related to her and Harlow's purchase of drugs with the cash obtained from the credit card overcharges. She contends that the State violated our dictates in *Vigil* by waiting until the day of trial to notify her of its intent to use the evidence despite her request for notice filed some five months prior. Appellant argues that this delay in notification prejudiced her ability to put on a proper defense. The State counters that the *Vigil* decision did not require pretrial notice and mandated a hearing on the admissibility of proposed 404(b) evidence only upon a specific objection by the

defense at trial or during a pretrial motions hearing.[1]

[¶ 11] The district court admitted the evidence showing that Harlow and Appellant had used the cash back from the credit card to purchase drugs on two grounds: (1) It was substantive evidence of the conspiracy charge; and (2) It was prior bad acts evidence under Rule 404(b) admissible for the limited purpose of demonstrating motive, plan, preparation, and/or lack of mistake. Initially, we disagree with the district court's conclusion that the drug evidence was substantive evidence of the conspiracy charge.

[¶ 12] A person is guilty of conspiracy to commit a crime if: (1) he agrees with one or more persons that they (or one or more of them) will commit a crime; and (2) one or more of them does an overt act to effect the objective of the agreement. Wyo. Stat. Ann. § 6-1-303(a) (LexisNexis 2001). The crime that was the subject of the conspiracy charge was forgery:

A person is guilty of forgery if, with intent to defraud, he:

(i) Alters any writing of another without authority;

(ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(iii) Utters any writing which he knows to be forged in a manner specified in paragraphs (i) or (ii) of this subsection.

Wyo. Stat. Ann. § 6-3-602(a)(i)(iii) (LexisNexis 2001). Here, the drug evidence is not necessary to prove any of the elements of the conspiracy charge. The conspiracy charged was that Appellant assisted Harlow in making charges to Eric Huff's credit card with-

1. Appellant contends in her reply brief that the State failed to offer a cogent argument on this issue. We disagree. The State's brief argued that our decision in *Vigil* did not require pretrial notice. In any event, even if we disregarded the State's brief, that would not obviate Appellant's

burden of demonstrating that an error occurred during her trial. *Ryan v. State,* 988 P.2d 46, 52 (Wyo.1999) (The burden of establishing an abuse of discretion in an evidentiary ruling lies with the defendant on appeal.).

out Huff's permission in order for Harlow to obtain goods and cash. Appellant and Harlow could have used the cash overcharges they received to purchase virtually anything and still have been guilty of the conspiracy charge. It is irrelevant to the elements of the crime that they happened to use the proceeds to purchase drugs. This, of course, is the distinction between "intrinsic" and "extrinsic" evidence: "Other act evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990). The drug evidence was not "inextricably intertwined" with or part of a "single criminal episode" or a "necessary preliminary" to the crime of conspiracy to commit forgery.

[¶ 13] The drug evidence is more properly characterized as course of conduct evidence, which is admissible to give a "jury a complete story when it is relevant and necessary to tell the complete story for the jury's understanding." *Solis v. State*, 981 P.2d 28, 31 (Wyo.1999). The evidence could also demonstrate at least a partial motive for the crime—to obtain money to feed a drug habit. These are reasons supporting the admissibility of the evidence under Rule 404(b).

[¶ 14] Appellant does not challenge the admissibility of the drug evidence *per se.* Her issue is that the State waited until the day of the trial to notify her of its intent to use the evidence despite her request for notice filed some five months earlier. The question then is what effect, if any, the request for notice of intent should have?

[¶ 15] The admissibility of 404(b) evidence has long been one of the more difficult areas of criminal law. In *Bishop v. State*, 687 P.2d 242, 246 (Wyo.1984), *cert. denied*, 469 U.S. 1219, 105 S.Ct. 1203, 84 L.Ed.2d 345 (1985) we adopted a five-part test to determine the admissibility of 404(b) evidence: (1) the extent to which the prosecution plainly, clearly, and convincingly can prove the other similar crimes; (2) the remoteness in time of those crimes from the charged offense; (3) the extent to which the evidence of other

crimes is introduced for a purpose sanctioned by W.R.E. 404(b); (4) the extent to which the element of the charged offense, that the evidence is introduced to prove, is actually at issue; and, (5) the extent to which the prosecution has a substantial need for the probative value of the evidence of the other crimes. Each of the five factors need not be satisfied to justify the admission of the evidence but, in most circumstances, we noted each would be. If the district court had determined that the evidence was admissible under the factors, then it had to determine whether the probative value of the evidence outweighed the danger of unfair prejudice or confusion of the issues.

[¶ 16] The procedure we established in *Bishop* was not mandatory. We strongly suggested to the lower courts that they follow the procedure and include the reasoning for their ruling on the record. Many courts did not do so or did so haphazardly, however, and this Court often ended up performing the analysis. To rectify the situation, we imposed a mandatory procedure in *Dean v. State*, 865 P.2d 601, 609–610 (Wyo.1993). We held that the State bore the initial burden of demonstrating the admissibility of the prior bad act evidence in the context of the five-part *Bishop* test. We required the State to articulate the specific purpose for which the evidence was being offered and how that evidence was relevant to the purpose. The defense was then required to respond with its arguments including those addressing relevancy and W.R.E. 403. The district court was required to articulate its findings of relevancy and weighing of the probative value against the countervailing factors on the record. The district court was also required to identify the specific purpose for which the evidence was being admitted. We held that the defense was entitled, upon request, to a jury instruction.

[¶ 17] Our decision in *Dean* proved unworkable, and we revisited the standards set forth in that opinion just three years later in *Vigil.* That opinion specifically stated that its avowed purpose was to conform the process used in Wyoming to that applied by the Federal Rules of Evidence. Our holding set forth a new procedure for the trial courts to

follow when considering Rule 404(b) evidence:

We hold we should follow the lead of the federal courts, and require an appropriate objection to be lodged, at trial or before, to evidence inadmissible under Wyo. R. Evid. 404(b). We adopt as the criteria for the admissibility of evidence claimed, by a pertinent and timely objection, to violate Wyo. R. Evid. 404(b) the same test as that articulated in the federal courts. Our trial courts and counsel in criminal cases will have a much broader base of pertinent authority from which they can evaluate the presence of a proper purpose, relevancy, and the possibility of unfair prejudice outweighing the probative value.

. . . .

Only when there is a timely objection invoking the rule will there be a requirement that the State justify the evidence as proper under one of the exceptions to character evidence articulated in Wyo. R. Evid. 404(b), or the general expansion of that rule (*see Gezzi v. State,* 780 P.2d 972 (Wyo.1989); *Brown v. State,* 736 P.2d 1110 (Wyo.1987); and *Hatheway v. State,* 623 P.2d 741 (Wyo.1981)), and demonstrate that the evidence is relevant for the proposed purpose. The trial court then will be required to evaluate the admissibility of such evidence under Wyo. R. Evid. 404(b), and to weigh the probative value of the evidence against the potential for unfair prejudice. That evaluation shall follow the criteria outlined by the Supreme Court of the United States in *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). If requested, an appropriate limiting instruction will be given to the jury. In the absence of an appropriate objection, the accused may raise on appeal a claim of plain error in the admission of evidence of prior bad acts, but it will be incumbent upon the accused to offer case authority specifically foreclosing admission of the evidence under the circumstances of the case. The State then will be free to justify admission of the evidence on any theory of relevancy permitted by Wyo. R. Evid. 404(b). If the objection is lodged and the evaluation under *Huddleston* is made, the State will be limited to the theory of admissibility advanced to and approved by the trial court.

*Vigil,* 926 P.2d at 354–55. The criteria set forth in *Huddleston* for the admission of Rule 404(b) evidence are: (1) The evidence is offered for a proper purpose; (2) The evidence is relevant; (3) The probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and, (4) Upon request, the trial court instructs the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. 485 U.S. at 691, 108 S.Ct. 1496. Whereas, the procedure we set out in *Dean* had placed the burden on the State to move for and justify admission of 404(b) evidence, *Vigil* accepted the admissibility of the evidence absent an objection by the defense or plain error.

[¶ 18] Appellant argues that *Vigil* mandates a response to a request for notice of intent to use 404(b) evidence. However, nowhere in our opinion is such a requirement expressed. As noted by the language above, *Vigil* only requires a hearing when a defendant objects to the admissibility of the evidence. Technically, a demand for notice of intent to use evidence is not an objection to admission of that evidence. There is nothing in our Rule 404(b) or our precedent that requires the State to respond to a demand for notice of intent. Of course, there remains the question of whether we should impose such a requirement on the State.

[¶ 19] In *Vigil,* we endeavored to conform our procedures to those utilized in the federal courts. The Tenth Circuit considered this very issue in *United States v. Kendall,* 766 F.2d 1426 (10th Cir.1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 889 (1986), and it is worth quoting from the court's discussion at some length:

Kendall also claims that the Government's refusal to disclose its Rule 404(b) evidence before trial violated his Fifth Amendment right to due process and his Sixth Amendment right of confrontation and cross-examination. He argues that (1) given the risk of unfairness inherent in Rule 404(b) evidence, due process requires that a defendant be given pretrial notice of

such evidence the Government intends to use, and (2) without such notice, a defendant cannot adequately prepare his case and is effectively prevented from meaningful confrontation and cross-examination at trial.

"There is no general constitutional right to discovery in a criminal case." . . . . The Government is generally not required to disclose its witnesses or their testimony before trial. . . . . The one significant exception to this rule is exculpatory evidence; the government's failure to disclose such evidence before trial is a violation of due process. . . . . The Supreme Court has made it clear, however, that *Brady* does not extend beyond such exculpatory evidence. . . . . Because the evidence of which Kendall complains was not exculpatory or discoverable under the Federal Rules of Criminal Procedure, the Government's failure to disclose its 404(b) evidence does not violate due process. Kendall cites no authority, nor have we been able to discover any, for the proposition that pretrial disclosure of Rule 404(b) evidence is required by the Sixth Amendment. Given the clear language of [*Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977)], we conclude that there is no general Sixth Amendment right to such pretrial disclosure.

Kendall also argues that even if pretrial discovery of Rule 404(b) evidence is not constitutionally required, the lack of such disclosure in his case so impaired his ability to confront and cross-examine witnesses, and resulted in such unfairness and prejudice, that reversal is required. We are not persuaded.

To begin with, Kendall has made no showing whatsoever of how his right to a fair trial or ability to confront and cross-examine witnesses was adversely affected by the lack of pretrial disclosure. His vague and broad claim of unfairness and prejudice is not supported by any showing of how pretrial disclosure of Rule 404(b) evidence could have influenced the conduct of the trial. Furthermore, the current limitations on the use of Rule 404(b) evidence afford a defendant sufficient protection

against unfair and unduly prejudicial effect. . . . . These requirements were fully met by the Government in this case, and all such evidence was properly admitted. Finally, the pretrial order, prohibiting the Government's use of 404(b) evidence without prior court approval, provided Kendall with substantial additional protection against the risks inherent in the use of 404(b) evidence.

This case does not fall within that line of decisions where a defendant is found to have been unduly prejudiced by the use of surprise evidence. . . . . As these decisions recognize, a defendant confronted with such surprise evidence at trial must be afforded a fair opportunity to meet it and to adjust his trial strategy if necessary. If a defendant is not given this opportunity, such as a grant of a continuance, then the resulting unfairness may require reversal. In Kendall's case, however, no objection was made, on the basis of surprise, to the introduction of any of the Government's Rule 404(b) evidence. At no time did defense counsel request a continuance, nor does the record show that defense counsel was unable to respond to the evidence or the reasons offered for its admission. The Government's refusal to provide its 404(b) evidence before trial was not reversible error.

*Kendall,* 766 F.2d at 1440–41 (citations and footnote omitted); *see also United States v. Roe,* 670 F.2d 956, 965–967 (11th Cir.1982), *cert. denied,* 459 U.S. 856, 103 S.Ct. 126, 74 L.Ed.2d 109 (1982), (court did not abuse its discretion in admitting 404(b) evidence disclosed for the first time at trial despite magistrate's order mandating pretrial disclosure); and *United States v. Fitterer,* 710 F.2d 1328, 1332–33 (8th Cir.1983), *cert. denied,* 464 U.S. 852, 104 S.Ct. 165, 78 L.Ed.2d 150 (1983).

[¶ 20] At the time the Tenth Circuit decided *Kendall,* federal Rule 404(b) was identical to Wyoming's. In 1991, the federal rule was amended to add the following provision:

**(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformi-

ty therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, **provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.**

Fed.R.Evid. 404(b) (emphasis added). Under the current federal rule, a defendant's request for notice would have triggered a duty on the part of the State to provide him with reasonable notice in advance of the trial of the general nature of any 404(b) evidence it intended to use at trial. The State would have had to show good cause in justification of any failure to disclose the evidence. The committee notes for the 1991 amendment to federal Rule 404(b) indicate that the intent was "to reduce surprise and promote early resolution on the issue of admissibility."

[¶ 21] Of course, our state has yet to add a notice provision to its version of Rule 404(b). Consequently, the State was not under any duty to respond to Appellant's demand for notice. Once the State indicated its intent to offer evidence of Appellant's and Harlow's drug purchases and Appellant objected, the district court held a hearing pursuant to the dictates of *Vigil*. The district court reviewed the admissibility of the proposed evidence and weighed the probative value of the evidence against its potential for unfair prejudice. The district court then offered Appellant the option of an appropriate limiting instruction. Appellant makes no argument suggesting that her ability to confront and cross-examine witnesses and otherwise put on her case was prejudiced or adversely affected by the admission of this evidence. The district court did not, therefore, abuse its discretion in hearing the Appellant's objection at trial before admitting the State's uncharged misconduct evidence.[2] Nevertheless, we must remember that our holding in *Vigil* that the

defendant must make an appropriate objection to such evidence before the State has any duty to justify its use was an attempt to fairly allocate the responsibility for testing its admissibility:

> Appellant suggests that the State must satisfy its burden and the court make a determination of admissibility even though appell[ant] makes no objection to receipt of the ... evidence. Appellant is not correct in this contention. **To hold as suggested would impose an impossible burden upon a trial court to, on its own motion, require proof that opposing counsel has not demanded. Besides, opposing counsel may choose not to object to receipt of the offered evidence for many reasons. Trial strategy may dictate no objection; the opposing party may believe the offered evidence will be favorable; the opposing party may believe that impeachment may be more damaging and choose not to exclude the evidence.**

*Vigil*, 926 P.2d at 354–55 (quoting *Schmunk v. State*, 714 P.2d 724, 739 (Wyo.1986)) (emphasis in original).

[¶ 22] From this proposition then followed the specific holding that has led to the problem so well exemplified by the instant case:

> Only when there is a timely objection invoking the rule will there be a requirement that the State justify the evidence as proper under one of the exceptions to character evidence articulated in Wyo. R.Evid. 404(b), or the general expansion of that rule ..., and demonstrate that the evidence is relevant for the proposed purpose. The trial court then will be required to evaluate the admissibility of such evidence under Wyo.R.Evid. 404(b), and to weigh the probative value of the evidence against the potential for unfair prejudice. That evaluation shall follow the criteria outlined by the Supreme Court of the United States in *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

---

2. Commentators now tend to use the phrase "uncharged misconduct" rather than "prior bad acts," in part because the act in question may not have occurred prior to the charged act. *See* 1 Edward J. Imwinkelreid, *Uncharged Misconduct Evidence* § 2:12 (1999).

*Vigil,* 926 P.2d at 355. The problem, of course, is that if the State is allowed to withhold and secrete its W.R.E. 404(b) evidence, the defendant's opportunity to file a timely objection is largely illusory.

■ [¶ 23] It is time to correct that procedural deficiency. The *Vigil* process is a judicially mandated process, so it is not inappropriate for us here to modify it. We now hold that where a defendant files a pretrial demand for notice of intent to introduce evidence under W.R.E. 404(b), the same shall be treated as the making of a timely objection to the introduction of such evidence. The State must then respond with sufficient information to meet the balance of the *Huddleston* test adopted in *Vigil.* Not only will such a rule enhance the defendant's prospects of receiving due process and a fair trial, it will also enhance the district court's ability to reflect and rule upon a significant evidentiary issue. Rulings on uncharged misconduct evidence are too important to be made in the heat and pressure of a trial, with the jury twiddling its thumbs in the next room.

*Closing Argument*

■ [¶ 24] Appellant contends that the prosecutor committed misconduct during her closing argument when she used a prior conviction of Appellant to insinuate that Appellant had a propensity to commit certain types of crimes. Appellant did not object to the challenged remarks; therefore, our review is confined to a search for plain error, and we will reverse only if we find that there was "a substantial risk of a miscarriage of justice." *Dice v. State,* 825 P.2d 379, 384 (Wyo.1992).

In presenting closing · argument, the prosecutor is entitled to reflect upon the evidence and to draw reasonable inferences from that evidence to assist the jury in its function. "The purpose of closing argument is to allow counsel to offer ways of viewing the significance of the evidence." However, we have often stated that a prosecuting attorney may not inject his opinion as to the weight of the evidence when arguing to the jury.

*Lane v. State,* 12 P.3d 1057, 1064 (Wyo.2000) (citations omitted) (quoting *Leiker v. State,* 994 P.2d 917, 919 (Wyo.1999) and *Virgilio v.*

*State,* 834 P.2d 1125, 1127 (Wyo.1992)). "A plain error analysis requires the appellant to demonstrate the 'violation of a clear and unequivocal rule of law, clearly reflected in the record,' resulting in the abridgment of a substantial right of the party to his material prejudice." *Marquez v. State,* 12 P.3d 711, 717 (Wyo.2000) (quoting *Arevalo v. State,* 939 P.2d 228, 232 (Wyo.1997)).

[¶ 25] The prosecutor stated the following during her closing argument:

Now, the only defense that the defendant has raised throughout the trial is that she did not know that Eric Huff did not give permission for Warren Harlow to sign his card.

Now, the law recognizes that that can be a defense. But the law also states—and you'll also see it in your jury instructions— that that belief must be honest, and it has to be reasonable.

Now, ladies and gentlemen, the State submits to you that the defendant's belief in this case and what she wants you to believe she believed is not honest, and it's totally unreasonable.

Let's take a look, first, at who we're dealing with. This is not an 18–year–old kid that's got their first job in a convenience store. This is a 36–year–old woman who's a. three-time convicted felon. She's also not only been convicted of possession with intent to deliver, not only convicted of escape, she's been convicted of forgery, a very similar crime to what she's being charged with now, forgery and credit card fraud.

Appellant insists that the prosecutor was discussing Appellant's character by using the prior forgery conviction to imply that Appellant was someone whose nature predisposed her to commit such crimes. Appellant contends that the improper argument by the prosecutor resulted in substantial prejudice to Appellant and denied Appellant a fair trial. Appellant finds prejudice by drawing a parallel between the prosecutor's improper character argument and the prohibitions found in W.R.E. 404(b). The State counters that the prosecutor's argument was not improper but was a comment on the evidence produced at

trial using legitimate inferences available from that evidence.

[¶ 26] We conclude that Appellant has failed to carry her burden of demonstrating plain error. Specifically, Appellant has not shown a violation of a clear and unequivocal rule of law. Rule 404(b) prohibits the use of prior bad acts or convictions as evidence that the defendant acted in conformity therewith in the particular circumstances constituting the current charges. However, there are well-recognized and legitimate purposes for which the evidence may be used. In this case, as suggested by the State, the prosecutor's argument could be taken as an attack on the reasonableness of Appellant's claims that she was honestly mistaken as to Harlow's authority to use Eric Huff's credit card. In other words, the prosecutor was suggesting that Appellant was an experienced convenience store clerk who was well aware of the procedures and the use of credit cards. Appellant's prior conviction for forgery belies her claims of naivety regarding Harlow's actions. Such an argument by the State would have been legitimate given the evidence presented and Appellant's defense to the charge. Appellant could have corrected any misperception based upon the prosecutor's argument by requesting an appropriate limiting instruction. Appellant did not, and on appeal it is her burden to show the violation of a clear and unequivocal rule of law. Appellant has failed to do so and, accordingly, we do not find plain error.

*Sufficiency of the Evidence*

[¶ 27] In her final claim of error, Appellant questions the sufficiency of the evidence to support her forgery conviction. Appellant was convicted of violating Wyo. Stat. Ann. §§ 6–3–602(a)(ii) and (b) (LexisNexis 2001):

(a) A person is guilty of forgery if, with intent to defraud he:

. . . .

(ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

. . . .

(b) Except as provided in subsection (c) of this section, forgery is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

Appellant's challenge invokes the definition of "writing," which means "printing or any other method of recording information, money, coins, tokens, stamps, seals, credit cards, badges, trademarks, and other symbols of value, right, privilege or identification." Wyo. Stat. Ann. § 6–3–601 (LexisNexis 2001).

[¶ 28] The evidence at trial indicated that Appellant manually entered the credit card numbers into the machine since Harlow did not possess the actual card. After the receipt was printed, Appellant would give it to Harlow so he could sign Eric Huff's name. Appellant claims her actions did not constitute "uttering" a forged writing largely because her actions—manually entering the credit card numbers—did not purport to be the act of another. She also argues that the credit card receipt did not become forged under the statute until Harlow had signed it. Thus, the simple act of keying in the credit card numbers cannot support a forgery conviction because the action was taken before any forgery existed.

[¶ 29] Our standard for reviewing sufficiency of the evidence claims is well established:

When reviewing a claim of insufficient evidence, we assume that the evidence favoring the prevailing party is true, disregard the evidence favoring the unsuccessful party, and give the prevailing party the benefit of every favorable inference that we may reasonably draw from the evidence.

*Lucero v. State,* 14 P.3d 920, 924 (Wyo.2000) (citing *Wentworth v. State,* 975 P.2d 22, 25 (Wyo.1999)) (quoting *Willis v. Willis,* 48 Wyo. 403, 49 P.2d 670, 678 (1935)). Resolution of Appellant's claim requires us to invoke our rules of statutory interpretation:

When we analyze statutes, we endeavor to interpret them in accordance with the legislature's intent. *Fall v. State*, 963 P.2d 981, 983 (Wyo.1998). We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia* so that no part will be inoperative or superfluous. *Fall*, 963 P.2d at 983.

*Capshaw v. State*, 10 P.3d 560, 564 (Wyo. 2000).

[¶ 30] We conclude that there was sufficient evidence to convict Appellant of forgery. The elements of forgery are: (1) the making, completing, executing, authenticating, issuing or transferring of a writing purporting to be the act of another who did not authorize the act; and (2) with the intent to defraud. As noted above, the statutes define "writing" as the printing or any other method of recording certain specified items or other symbols of value, right, privilege or identification. Under the plain language of the statute, Appellant's actions clearly constitute a forgery. Appellant entered the credit card numbers into a machine that printed out a receipt of a financial transaction. This receipt purported to be a recording of a sale of goods to Eric Huff. The record conclusively demonstrated that Eric Huff had not given his permission for this transaction and that Appellant was aware of that fact. The word "make" is defined, in its ordinary sense as "to cause to exist ... to form, fashion, or produce." Black's Law Dictionary 955 (6th ed.1990). By entering the credit card numbers into the machine and printing a receipt, Appellant caused a document to exist that purported to be the act of another person who did not authorize its creation. The fact that Harlow is the one who signed the receipt does not alter the fact that it was Appellant who created the false document and thereby committed forgery.

[¶ 31] Appellant also claims that there is insufficient evidence to sustain her forgery conviction because the Amended Information did not identify the specific transaction constituting the basis of the charge. Originally, Appellant was charged with two counts of forgery. Harlow had made fifteen transactions on Eric Huff's credit card: four at one convenience store at which Appellant worked, and eleven at the other. After the presentation of evidence, the district court granted Appellant's motion for a judgment of acquittal on one of the forgery counts but allowed the other counts to go to the jury. The district court instructed the jury that it should determine whether Appellant committed a forgery between the dates of April 15 and May 2, 1998. This time frame encapsulated all of the transactions between Harlow and Appellant. After the jury returned a guilty verdict, Appellant renewed her motion for a judgment of acquittal raising the same argument she presents before us. In its decision letter, the district court responded:

As noted during the trial proceedings, it appears that the method of charging the multiple counts in the Amended Information in this case was problematic. The difficulties and concerns noted by this judge contributed to the granting of a judgment of acquittal on Counts II, IV, and V of the Amended Information. In granting the judgment of acquittal on those three counts, the Court closely reviewed the requirements of Rule 3 of the Wyoming Rules of Criminal Procedure, and the requirements that (a) the information state the essential elements of the alleged crime, and (b) be sufficiently definite so that the defendant can prepare his or her defense and grant protection from further prosecution for the same offense (double jeopardy). *Cheatham v. State*, 719 P.2d 612, 617 (Wyo.1986).

Based upon the situation presented with respect to the charge of forgery contained in Count I in this case, it would not appear that the above analysis provides a basis for the granting of a judgment of acquittal as to that charge. While it surely may have been preferable for Count I to set forth a precise date and identity of the alleged

forged writing or writings, it cannot be said that the remaining forgery charge fails to comply with the requirements of Rule 3 of the Wyoming Rules [of] Criminal Procedure. Further, it cannot be said that Count I of the Amended Information, after the dismissal of Count II, fails to sufficiently appraise the defendant of the charge for the purposes of preparing her defense, or fails to protect the defendant against another prosecution for the same offense, as such criteria has been developed by the Supreme Court of the United States in *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), and its prodigy [*sic*]. Therefore, the Court must deny the defense's Motion for Judgment of Acquittal on Count I of the Amended Information in this case.

Appellant makes no suggestion that the forgery charge does not comply with the requirements of W.R.Cr.P. 3.[3] Furthermore, all of the transactions involved Appellant entering the credit card numbers manually into the machine and printing out a receipt for the transactions. Every one of those actions would support a forgery conviction, and Appellant makes no argument to the contrary. Theoretically, the State could have charged Appellant with fifteen counts of forgery. However, Appellant was convicted on one count that embraced all fifteen acts. Appellant cites no authority to the effect that this was improper. Furthermore, Appellant does not contend that she was not aware of the basis of the charge against her or that Appel-

lant's ability to defend herself was in any way compromised. As noted, there is sufficient evidence to support a forgery conviction on each act, and since each of those acts was contained within the charge that went to the jury, double jeopardy has attached to each one. Accordingly, we concur with the district court and affirm Appellant's conviction.

## CONCLUSION

[¶ 32] Absent a district court order to the contrary, the State in this case was under no obligation to disclose to the defense any evidence under W.R.E. 404(b) that was not exculpatory. The district court heard the Appellant's W.R.E. 404(b) arguments at trial, and the Appellant was not prejudiced by the procedures utilized. In the future, however, the filing of a pretrial demand for notice of intent to introduce W.R.E. 404(b) evidence shall be treated as the filing of a timely objection to such evidence, for the purpose of applying the *Huddleston* test adopted in *Vigil.* As to the Appellant's other issues, there was sufficient evidence to support her conviction for forgery, and she failed to demonstrate plain error in the prosecution's closing argument. Therefore, Appellant's convictions are affirmed.

---

**3.** W.R.Cr.P. 3 was amended effective September 1, 2001. This case was decided under the prior version of the Rule but the amendment has no material affect on this matter. Rule 3 provided, in relevant part:

(a) *In general.*—Prosecution of all offenses shall be by indictment, information or by citation when a citation is authorized by law and shall be carried on in the name and by the authority of the State of Wyoming, and all indictments, informations and citations shall conclude "against the peace and dignity of the State of Wyoming".

(b) *Nature and contents.*—

(1) Information.—The information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the state. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. The information shall state:

(A) The name of the court where it was filed;

(B) The names of the state and the defendant if the defendant is known, and, if not, then any names or description by which the defendant can be identified with reasonable certainty; and

(C) For each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated.

W.R.Cr.P. 3(a)(1)(A)(B)(C) (LEXIS 2000).