2009 WY 70

**Robbie HEYWOOD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–08–0221.**

Supreme Court of Wyoming.

May 29, 2009.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General. Argument by Ms. Pojman.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1]   Upon remand from this Court, the appellant was again convicted of three counts of second-degree sexual assault. He raises in this second appeal issues of his constitutional right to adequate notice of the charges being brought against him, and of the admissibility of uncharged misconduct evidence. We affirm.

### ISSUES

[¶ 2]   1.   Was the appellant adequately advised of the charges being brought against him?

2. Did the district court abuse its discretion by admitting certain uncharged misconduct evidence?

## FACTS

[¶ 3] The facts of this case as previously recited by the Court can be found at *Heywood v. State,* 2007 WY 149, ¶¶ 3–5, 170 P.3d 1227, 1229 (Wyo.2007). Briefly stated, the appellant's convictions were reversed because the information, the instructions, and the verdict form did not adequately identify the particular crimes with which the appellant was charged.

## DISCUSSION

### *Was the appellant adequately advised of the charges being brought against him?*

[¶ 4] An accused has a constitutional right to notice of the charges against him to allow him a fair opportunity to defend against the charges. United States Constitution, Sixth Amendment; Wyo. Const. art. 1 § 10. *See also,* W.R.Cr.P. 3; *Derksen v. State,* 845 P.2d 1383, 1388–89 (Wyo. 1993). Because the right to notice of criminal charges is of constitutional magnitude and the determination on the adequacy of the notice is a question of law, we review the issue *de novo. See, e.g., Pena v. State,* 2004 WY 115, ¶ 7, 98 P.3d 857, 862 (Wyo. 2004).

*Barker v. State,* 2006 WY 104, ¶ 14, 141 P.3d 106, 112 (Wyo.2006). We referenced these principles in the opinion reversing the appellant's conviction after the first go-round in this case, but we found them to have been waived because they were not raised below. *Heywood,* 2007 WY 149, ¶ 22, 170 P.3d at 1233. We reversed, however, on the related issue of the failure of the information, the instructions, and the verdict form to distinguish for the jury the separate crimes upon which it was to deliberate. *Id.* at ¶ 33, 170 P.3d at 1236.

[¶ 5] Prior to the second trial, the appellant filed a Motion for a Bill of Particulars as to All Counts of the Information. A responsive Bill of Particulars was filed by the State about a week later. The function of a bill of particulars is "to make more specific the general allegations in the information to enable the defendant to prepare his defense and avoid being surprised at the trial." *Booth v. State,* 517 P.2d 1034, 1036 (Wyo. 1974). The appellant objected to the Bill of Particulars on the ground that it did not delineate the allegations with sufficient specificity. The district court reviewed each charge and found the Bill of Particulars to be adequate.

[¶ 6] In the first trial, the problem with the information, instructions, and verdict form was that, even taken together, they failed to inform the jury what charge was being deliberated upon as to each count. We agree with the district court that the Bill of Particulars corrected that deficiency as far as the appellant's right to notice of the charges is concerned, and the new verdict form did the same for the jury's deliberation purposes. The pertinent portions of the Bill of Particulars provided as follows:

> **As to Count I,** the crime of Second Degree Sexual Assault was committed by the Defendant on or between April of 2005 and May 27, 2005 in Laramie County, Wyoming. The Defendant committed sexual intrusion as defined by W.S. 6–2–301(a)(vii) by digitally penetrating the victim in the shed adjacent to [address].

> **As to Count II,** the crime of Second Degree Sexual Assault was committed by the Defendant on or between April of 2005 and May 27, 2005 in Laramie County, Wyoming. The Defendant committed sexual intrusion as defined by W.S. 6–2–301(a)(vii) by penetrating the victim with a dildo at [address].

> **As to Count III,** the crime of Second Degree Sexual Assault was committed by the Defendant on or between April of 2005 and May 27, 2005 in Laramie County, Wyoming. The Defendant committed sexual intrusion as defined by W.S. 6–2–301(a)(vii) by penetrating the victim with his penis at [address].

[¶ 7] After reading the language in regard to Count I, the district court commented, "I don't see how that is nonspecific. What more would be possible on that one?"

Defense counsel responded, "Your Honor, I don't believe there is a time frame on that particular allegation." The district court determined that defense counsel had the same objection to all three counts, and then ruled as follows: "All right. I do understand that this time frame is general from April '05 to May 27 of '05. I believe there's sufficient specificity in this bill of particulars."

[¶ 8] It appears from this colloquy that the basis of the objection to the Bill of Particulars was not so much that it did not distinguish one alleged act from another, but that it did not sufficiently narrow the time frames of the allegations. We agree with the district court that a two-month time period in allegations of the sexual abuse of a child is sufficient to give notice to a defendant of the charges against him and to allow him to prepare a defense.

We have held that where the specific date is not a required element of the crime, then alleging a general time period, in lieu of a specific date, is sufficient to give a defendant notice and allow him to adequately prepare a defense. *Vernier v. State*, 909 P.2d 1344, 1350–52 (Wyo.1996); *Jackson v. State*, 891 P.2d 70, 75 (Wyo. 1995). Indeed, we have even held that it is sufficient for a finding of guilt that the prosecution establish the transaction rather than the exact dates in question. *Brown v. State*, 817 P.2d 429, 437–38 (Wyo. 1991).

*Wease v. State*, 2007 WY 176, ¶ 44, 170 P.3d 94, 108 (Wyo.2007). In regard to child sexual assault victims, we view uncertainties as to dates as follows:

"[I]n the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. *State v. Effler*, 309 N.C. 742, 309 S.E.2d 203 (1983); *State v. King*, 256 N.C. 236, 123 S.E.2d 486 (1962). See: *State v. Sills*, 311 N.C. 370, 317 S.E.2d 379 (1984). Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense. * * *" *State v. Wood*, 311 N.C. 739, 319 S.E.2d 247 (1984).

*Stewart v. State*, 724 P.2d 439, 441 (Wyo. 1986). *See also Vernier v. State*, 909 P.2d 1344, 1351 (Wyo.1996). We are not alone in holding this view of child victim testimony. *See, e.g., People v. Watt*, 192 A.D.2d 65, 600 N.Y.S.2d 714, 719 (N.Y.App.Div.1993); *State v. Wilcox*, 808 P.2d 1028, 1033 (Utah 1991); and *State v. Rogers*, 48 Idaho 567, 283 P. 44, 45 (1929).

### Did the district court abuse its discretion by admitting certain uncharged misconduct evidence?

[¶ 9] [B]ecause uncharged misconduct evidence carries an inherent danger for prejudice, we have ... adopted a mandatory procedure for testing its admissibility: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice; and (4) upon request, the trial court must instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. *Vigil [v. State]*, 926 P.2d [351], 357 [ (Wyo.1996) ] (quoting *United States v. Herndon*, 982 F.2d 1411, 1414 (10th Cir.1992))[, *modified in part by Howard v. State*, 2002 WY 40, 42 P.3d 483 (Wyo.2002) ]. We do not apply this test on appeal; rather, it is intended to be conducted by the trial court. *Beintema v. State*, 936 P.2d 1221, 1224 (Wyo.1997). Our role is to determine whether admission of the evidence was error. *Id.*; *Spencer v. State*, 925 P.2d 994, 997 (Wyo.1996). Generally, the standard for review of rulings under W.R.E. 404(b) is abuse of discretion. *Johnson v. State*, 936 P.2d 458, 462 (Wyo.1997) (quoting *Sturgis v. State*, 932 P.2d 199, 201 (Wyo.1997)).

*Wease*, 2007 WY 176, ¶ 51, 170 P.3d at 110 (quoting *Gleason v. State*, 2002 WY 161, ¶ 18, 57 P.3d 332, 340 (Wyo.2002)).

[¶ 10] Just prior to the second trial, the State filed a Notice of State's Intent to

Introduce 404(b) Evidence.[1] Listed in the notice were five allegations of uncharged misconduct: (1) that the appellant began to abuse the victim when she was in the second grade; (2) that the abuse included fellatio; (3) that the appellant purchased a dildo for the victim for her birthday in 2004 and used it on her in the car after covering the car's windows; (4) that the only time period the victim recalled the appellant did not sexually abuse her was when the family was in Ohio for a week; and (5) that the appellant entered the bedroom the victim shared with her sister, pulled down his pajamas and exposed his penis to them, told them they could touch it or play with it, and told them the victim could be present if her sister wanted to start doing things with him that the victim had been doing. In its Notice, the State presented a detailed analysis of the proffered evidence under *Gleason v. State*, 2002 WY 161, 57 P.3d 332 (Wyo.2002) and similar cases. When the motion was heard after *voir dire*, the State added a sixth allegation, that being that the appellant had showed the victim pornographic movies and books.

[¶ 11] The appellant objected to admission of the uncharged misconduct evidence on several grounds. First, he contended that any act that allegedly occurred outside of the time period charged in the Information was not relevant. Second, he argued that the late filing and service of the Notice provided inadequate time for him to investigate and respond. Third, he noted that some of the allegations had not previously been made. And fourth, he complained that the allegations were vague and unspecific in regard to time and place. The State countered primarily with two arguments: one, that some of the testimony was relevant because it refuted contentions the appellant had made in the first trial; and two, that some of the evidence, rather than being uncharged misconduct evidence, was in the nature of an admission by a party opponent, admissible under W.R.E. 801(d)(2)(A).[2]

[¶ 12] The district court concluded that the uncharged misconduct evidence was relevant and admissible for a proper purpose, because it tended to show the relationship between the appellant and the victim, which is an issue in charges of second-degree sexual assault. To be guilty of the crimes charged, the appellant must have been in a position of authority over the victim, and he must have used that position of authority to cause the victim to submit. The district court then also concluded that the probative value of the evidence was not outweighed by any danger of unfair prejudice. In reaching that conclusion, the district court emphasized the fact that the uncharged acts were no more reprehensible than the charged acts, and the fact that the victim of the uncharged acts, being the same person as the victim in the charged acts, was no more sympathetic.

## CONCLUSION

[¶ 13] The appellant was adequately advised of the charges brought against him. Further, the district court appropriately analyzed the proffered uncharged misconduct evidence, and we cannot say that the court abused its discretion in admitting the evidence, or in determining that the appellant did not prove he was unfairly prejudiced by its untimely production.

[¶ 14] Affirmed.

KITE, Justice, specially concurring, in which HILL, J., joins.

[¶ 15] I concur in the result reached by the majority opinion primarily because I believe Mr. Heywood was not prejudiced by the State's late filing of its notice of intent to offer uncharged misconduct evidence. Much of the evidence had been known to him at the time of the first trial and what evidence may have been considered "new" was similar to other evidence and cumulative. However, I write separately to express my belief that the

---

1. W.R.E. 404(b) reads as follows:

    (b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other pur-

poses, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. W.R.E. 801(d)(2)(A) provides that a party's own statement, offered against him, is not hearsay.

State failed to comply with the spirit and letter of our W.R.E. 404(b) jurisprudence.

[¶ 16] In the past several years, this Court repeatedly has been called upon to address the difficulties caused when the State gives late notice, or no notice, of its intent to offer uncharged misconduct evidence under Rule 404(b), along with the related question of how trial courts should evaluate uncharged misconduct evidence. Our concern has been that both the defendant and the trial judge have adequate opportunity to analyze the admissibility of the proffered evidence. *See, e.g., Reay v. State*, 2008 WY 13, ¶ 18, 176 P.3d 647, 652 (Wyo.2008); *Wease*, ¶¶ 48–55, 170 P.3d at 109–14; *Martin v. State*, 2007 WY 76, ¶¶ 44–45, 157 P.3d 923, 932 (Wyo.2007), (Voigt, C.J., dissenting); *Dettloff v. State*, 2007 WY 29, ¶¶ 33–39, 152 P.3d 376, 385–87 (Wyo.2007); *Williams v. State*, 2004 WY 117, ¶¶ 8–14, 99 P.3d 432, 436–43 (Wyo.2004); *Hart v. State*, 2002 WY 163, ¶¶ 8–18, 57 P.3d 348, 352–55 (Wyo.2002); *Gleason*, ¶¶ 5–33, 57 P.3d at 337–44; *Howard v. State*, 2002 WY 40, ¶¶ 5–23, 42 P.3d 483, 485–91 (Wyo.2002).[3] In *Howard*, ¶ 23, 42 P.3d at 491, we set forth a rule that we then thought would eliminate late notice of uncharged misconduct evidence, and would move the debate over its admission to a pretrial hearing:

> We now hold that where a defendant files a pretrial demand for notice of intent to introduce evidence under W.R.E. 404(b), the same shall be treated as the making of a timely objection to the introduction of such evidence. The State must then respond with sufficient information to meet the balance of the *Huddleston* [*v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)] test adopted in *Vigil* [*v. State*, 926 P.2d 351 (Wyo.1996)]. Not only will such a rule enhance the defendant's prospects of receiving due process and a fair trial, it will also enhance the district court's ability to reflect and rule upon a significant evidentiary issue. Rulings on uncharged misconduct evidence are too important to be made in the heat and pressure of a trial, with the jury twiddling its thumbs in the next room.

[¶ 17] Apparently, this guidance has not been sufficient to obtain the desired result, as is evidenced by the present case, where the prosecutor "faxed" the notice to defense counsel on the Friday before a Monday trial, and defense counsel told the district court that he did not receive the notice until Monday. The district court, through no fault of its own, had no choice but to hold a truncated admissibility hearing after *voir dire*—just the scenario the *Howard* rule was meant to avoid—or to rule the evidence inadmissible.[4]

[¶ 18] Continued lack of adherence to the procedures this Court established by case law necessitated the amendment of our rules and we have now joined federal courts and the growing list of state jurisdictions that have mandated timely pretrial notice by the State of its intent to introduce uncharged misconduct evidence. *See Howard*, 2002 WY 40, 42 P.3d 483; 2 Edward J. Imwinkelried, *Uncharged Misconduct Evidence* §§ 9:07, 9:10; Robert S. Hitchcock, *Pretrial Discovery of Uncharged Misconduct Evidence—No More Pulling the Uncharged Misconduct Card from the Sleeve*, 3 Wyo. L.Rev. 797, 808–13 (2003).

[¶ 19] Rule 404(b) (emphasis added) now provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided*

---

3. This is just a small sampling of the dozens of cases this Court has heard in the past decade or so involving uncharged misconduct evidence and Rule 404(b). We are not alone. The leading commentator in this area of law has stated that alleged errors in the admission of uncharged misconduct are the most frequent ground for appeal in criminal cases; in many states, such errors are the most common ground for rever-

sal; and the Federal Rule in point, Rule 404(b), has generated more reported cases than any other subsection of the rules.
2 Edward J. Imwinkelried, *Uncharged Misconduct Evidence* § 9:07 (Rev. ed 2008).

4. Incredibly, the State added another incident of uncharged misconduct to its list during that mid-trial hearing.

*that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.*

Had the amended rule been in effect, it is hard for me to imagine that a district court could have found the State provided "reasonable notice" or "good cause" for the last minute filing in this case. Keep in mind this case had been tried the first time over a year earlier, giving the State more than enough time to have interviewed witnesses and determined whether uncharged misconduct evidence was necessary for its case. Last minute Rule 404(b) notice like that provided in this case places an undue burden on the district court to decide the matter in the heat of trial, and on this Court to determine on appeal whether admission of the evidence under these circumstances was harmless error causing no prejudice to the defendant.

Evidence of a defendant's previous wrongdoing can have a powerful impact on the fact finder and that is the obvious reason prosecutors try so hard to introduce it. That is also the reason why we must protect against its misuse.

[¶ 20] If the prosecution continues to ignore its obligation to provide notice of Rule 404(b) evidence as required by *Howard* and its progeny and the amended rule, this Justice would favor adopting a rule shifting the burden to the State to prove a lack of prejudice from late notice.

VOIGT, C.J., delivers the opinion of the Court; KITE, J., files a specially concurring opinion, in which HILL, J., joins.