2010 WY 15

**Stuart Cordell VIGIL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–09–0053.**

Supreme Court of Wyoming.

Feb. 16, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jenny Lynn Craig, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1] Appellant, Stuart Cordell Vigil, challenges his conviction of one count of third-degree sexual abuse of a minor, in violation of Wyo. Stat. Ann. § 6–2–316(a)(i).[1] He contends the district court erred in admitting evidence in violation of W.R.E. 404(b). He also asserts that the jury instruction relating to that evidence was erroneous. We affirm.

## ISSUES

[¶2] The issues on appeal are:

1. Did the district court commit prejudicial error by holding the hearing regarding the admissibility of W.R.E. 404(b) evidence during trial?

2. Did the district court abuse its discretion in admitting evidence of Appellant's prior conviction for sexual contact with a minor under W.R.E. 404(b)?

3. Was the limiting instruction provided to the jury relating to the 404(b) evidence erroneous and, if so, has the Appellant established that the error was prejudicial?

---

1. Wyo. Stat. Ann. § 6–2–316 (LexisNexis 2007) provides, in pertinent part:
   (a) Except under circumstance constituting sexual abuse of a minor in the first or second degree ..., an actor commits the crime of sexual abuse of a minor in the third degree if:
   (i) Being seventeen (17) years of age or older, the actor engages in sexual contact with a victim who is thirteen (13) through fifteen

## FACTS

[¶3] The charges against Appellant stem from an incident that occurred on November 11, 2007. Appellant was 51 and the victim was 15. They were neighbors. On occasion, the victim and members of her family visited with Appellant at his home. The victim also frequently visited Appellant's home when no one else, except Appellant, was there. Appellant employed the victim to help clean his home. He gave her driving lessons and took her to restaurants.

[¶4] On the morning of November 11, 2007, Appellant invited the victim and her aunt and uncle to go out for breakfast. The victim went to Appellant's home to wait for a call from the aunt. While waiting, Appellant offered to give the victim a massage. He told her to go into his bedroom and to take off her clothes. The victim complied. She covered herself with a towel and laid face down on Appellant's bed. Appellant massaged her back, arms, and legs. At some point during this massage, he rubbed the victim's breasts and vaginal area. He used massage oil or lotion during the massage. Afterward, the victim showered and they left to meet the aunt and uncle for breakfast. Later that day, the victim told her boyfriend about the incident. The boyfriend told the victim's parents. They called law enforcement.

[¶5] Deputies from the Laramie County Sheriff's Department investigated and spoke with Appellant. He gave differing versions of the incident to the deputies. The deputies testified at trial. Appellant told the initial investigating deputy that he gave the victim a massage that morning. He said that the massage took place in his living room. He initially repeated the same story to a second deputy during an interview at the sheriff's

(15) years of age, and the victim is at least four (4) years younger than the actor[.]
We recently interpreted the phrase "fifteen years of age" in *Crain v. State,* 2009 WY 128, ¶9, 218 P.3d 934, 938–40 (Wyo.2009), to include all of the months and days over the age of fifteen until a person reaches the sixteenth anniversary of his or her birth. The victim in this case was 15½ years old at the time of the incident.

department. During that same interview, he said the victim was fully clothed and he only massaged her back. However, he also admitted that he used oil during the massage. When questioned by the deputy as to how he could use the oil if the victim was clothed, he told the deputy that he had lifted up her shirttail and used the oil on the lower part of her back.

[¶ 6] An interview with a third deputy occurred after Appellant's arrest. In that interview, Appellant admitted to the deputy that the massage had occurred in his bedroom and that the victim was naked but covered with a towel. He told the deputy that he used oils during the massage. He denied that anything sexual happened but told the deputy that "A little slip and you could be right there ... [i]n her vagina."

[¶ 7] In January 2008, Appellant was charged with one count of third-degree sexual abuse of a minor in violation of Wyo. Stat. Ann. § 6–2–316(a)(i). Shortly after being charged, Appellant filed a demand for notice of intent to introduce evidence of uncharged misconduct under W.R.E. 404(b). In June 2008, the State replied by filing a notice of intent to introduce evidence of Appellant's past conviction for sexual contact with a 13–year–old girl in Colorado. On August 7, 2008, the State filed an amended notice of intent. In that notice, the State advised that it also intended to introduce evidence that Appellant married a 16–year old, after engaging in premarital sexual relations. In both notices, the State requested a hearing. On August 12, 2008, the State filed a request for a 404(b) hearing. Despite the requests, no hearing was held prior to trial.

[¶ 8] The 404(b) hearing occurred during the first day of trial after the jury had been selected but before opening statements. During the hearing, the district court ruled that Appellant's prior conviction was admissible to refute a claim of mistake or accident and to prove sexual intent. The judge indicated that the prior marriage evidence might be admissible in cross-examination if Appellant testified, but that he would reserve ruling on the matter until trial. Appellant did not testify and that evidence was not admitted. The jury found Appellant guilty. The

district court imposed a sentence of twelve to fourteen years. This appeal followed.

### *Timing of the 404(b) Hearing*

[¶ 9] In his first issue, Appellant challenges the timing of the 404(b) hearing. He contends that the court erred by failing to hold the hearing prior to trial. Appellant did not make any objection to the timing of the hearing at trial. Accordingly, we review for plain error. To establish plain error, Appellant must show: 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) he was denied a substantial right which materially prejudiced him. *Miller v. State*, 2009 WY 125, ¶ 10, 217 P.3d 793, 798 (Wyo.2009). Appellant has failed to satisfy that burden. He has not established a violation of a clear and unequivocal rule of law or that he was prejudiced by the timing of the hearing.

[¶ 10] We have expressed "a firm preference for the *pretrial* determination of issues concerning uncharged misconduct." *Gleason v. State*, 2002 WY 161, ¶ 18 n. 2, 57 P.3d 332, 340 n. 2 (Wyo.2002) (emphasis in original), citing *Howard v. State*, 2002 WY 40, ¶ 23, 42 P.3d 483, 491 (Wyo.2002). We have recognized that pretrial determination

> enhance[s] the defendant's prospects of receiving due process and a fair trial, it will also enhance the district court's ability to reflect and rule upon a significant evidentiary issue. Rulings on uncharged misconduct evidence are too important to be made in the heat and pressure of a trial, with the jury twiddling its thumbs in the next room.

*Howard*, ¶ 23, 42 P.3d at 491. We have, however, never found reversible error simply because the 404(b) hearing was not held prior to trial. For example, in *Heywood v. State*, 2009 WY 70, 208 P.3d 71 (Wyo.2009), the 404(b) hearing was held at the same time as the hearing in this case, after jury selection and prior to opening statements. We affirmed the conviction finding that Mr. Heywood failed to establish prejudicial error despite late notice of the State's intent to use 404(b) evidence. *Id.*, ¶ 13, 208 P.3d at 74.

Similarly, in this case, Appellant has failed to establish that he was prejudiced in any manner as a result of the timing of the 404(b) hearing. He had ample notice of the State's intent to introduce the evidence. He does not claim that he was surprised by the evidence or that his trial preparation was hindered in any manner. Appellant has failed to establish plain error.[2]

### Admissibility of 404(b) Evidence

[¶ 11] "A trial court's decision on the admissibility of evidence is entitled to considerable deference, and will not be reversed on appeal unless the appellant demonstrates a clear abuse of discretion." *Leyva v. State*, 2007 WY 136, ¶ 17, 165 P.3d 446, 452 (Wyo.2007). "[A]s long as there exists a legitimate basis for the trial court's ruling, that ruling will not be disturbed on appeal." *Id.*, quoting *Sanchez v. State*, 2006 WY 116, ¶ 20, 142 P.3d 1134, 1140 (Wyo.2006). If evidence was admitted in error, we must determine whether the error was prejudicial. *Solis v. State*, 981 P.2d 34, 36 (Wyo.1999). Error is prejudicial if there is a reasonable possibility that the verdict might have been more favorable to the defendant if the error had not been made. *Id.*

[¶ 12] Appellant contends that the district court abused its discretion by admitting evidence of his prior conviction. At the time of Appellant's trial, Rule 404(b) of the Wyoming Rules of Evidence provided:[3]

*Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The district court determines the admissibility of evidence under W.R.E. 404(b) by applying the following test:

[B]ecause uncharged misconduct evidence carries an inherent danger for prejudice, we have also adopted a mandatory procedure for testing its admissibility: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice; and (4) upon request, the trial court must instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted.

*Harris v. State*, 2008 WY 23, ¶ 6, 177 P.3d 1166, 1168 (Wyo.2008), quoting *Gleason*, ¶ 18, 57 P.3d at 340. We must determine whether the district court's application of the test was an abuse of discretion. *Heywood*, ¶ 9, 208 P.3d at 73.

[¶ 13] Appellant contends that the district court did not consider the relevance of the prior conviction.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

W.R.E. 401. "For evidence to be relevant, we must know the fact question to which it is

---

2. There is no suggestion in the record that the State was responsible for the timing of the hearing and the State should be commended for its handling of the 404(b) evidence issue. The State provided notice of its intent to introduce the 404(b) evidence months before trial and requested a hearing on the admissibility of the evidence on at least three occasions. *Compare Heywood*, ¶ 17, 208 P.3d at 75 (Kite, J., specially concurring), where the State "faxed" notice of its intent to use 404(b) evidence on the Friday before a Monday trial and added another incident of uncharged misconduct to its list during the hearing.

3. Effective January 1, 2009, W.R.E. 404(b) now provides:

*Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

relevant." *Williams v. State*, 2004 WY 117, ¶ 13, 99 P.3d 432, 441 (Wyo.2004).

[¶ 14] In order to convict an appellant of sexual abuse of a minor in the third degree under Wyo. Stat. Ann. § 6–2–316, the State must prove beyond a reasonable doubt that the appellant engaged in "sexual contact" with the victim. "Sexual contact" is defined as "touching, **with the intention of sexual arousal, gratification** or abuse, of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or of the clothing covering the immediate area of the victim's or actor's intimate parts[.]" Wyo. Stat. Ann. § 6–2–301(a)(vi) (emphasis added). The State contended that the evidence was relevant to establish that the touching was made with the intent of sexual arousal and to prove the touching was not the result of accident or mistake.

[¶ 15] Immediately prior to trial, Appellant provided the court with insight as to his defense. In response to Appellant's request to fire his defense counsel, the court asked Appellant what he hoped to accomplish in representing himself. Appellant responded:

> To prove that **there was no intent** in the charge. It says I sexually—let's see here—I had sexually molested, I think it was. I could look it up here, but basically, it says I had sexually molested somebody or sexual intent, and there was none. All I did was give a massage. That was it, and the person asked me for the massage, and that was given, and so there was no intention.

(Emphasis added.) Appellant further advised the court:

> So basically, the reason I needed a massage therapist is because she could tell you **that when you're massaging certain areas of the body,** and you're working your way through it, **there's times where you accidentally get close or even accidentally touch things,** but normally, you're trying to sit down here, and keep everything clinical, and that's, basically, why I needed the massage therapist.

(Emphasis added.)

[¶ 16] The district court denied the request and trial proceeded with defense coun-

sel representing Appellant.[4] The 404(b) hearing was held after voir dire. After hearing argument from counsel, the district court agreed with the State's position. The court explained:

> I'm going to turn first to the conviction for what the State will refer to as improper sexual contact with a minor in this prior conviction.... Seems to me as is common in these determinations this is difficult to arrive at because while we haven't the benefit of an evidentiary record at the time, nevertheless, counsel for very proper reasons need to know ahead of time what the ruling would be.
>
> Of course, such rulings are always provisional in that they could change in view of the evidentiary record at the time, but so far I believe it's clear that this evidence is offered for a proper purpose in that it is offered according to the State to refute a claim of the mistake or accident as going to intent.
>
> It's clear ... -as [Appellant] stated on the record this morning, that he feels this could easily have happened accidentally while in the course of giving a massage. That, of course, would necessarily include [the] proposition that it was not for any sexual gratification. So I think it purely is for a ... proper purpose and is relevant.
>
> I never have been able to discern very clearly the difference between one and two. That is, it's for a proper purpose and relevant. It seems to me those are one in the same element. It is relevant because it is offered for those purposes in view of [Appellant]'s apparent position on the matter.

[¶ 17] On appeal, Appellant asserts that the prior conviction was not relevant because it involved a 13–year–old "presumably pre-pubescent" girl and this case involved a 15–year–old post-pubescent girl. Appellant did not raise this issue at trial. He offers no legal or factual support for his position. We will not consider it further.

---

4. Appellant does not claim that the district court erred in denying his request.

[¶ 18] Appellant also contends that the district court did not properly weigh the probative value of the evidence against the danger for unfair prejudice. Additionally, he asserts that the district court failed to state its findings before determining that the evidence was admissible. We disagree.

[¶ 19] Prior to ruling on the admissibility of 404(b) evidence, the district court must determine if the probative value of the evidence is substantially outweighed by the potential for unfair prejudice. In *Gleason*, ¶ 27, 57 P.3d at 342, we set out the process to be followed:

> In determining the probative value of prior bad acts evidence, the trial court should consider the following factors:
>
> 1. How clear is it that the defendant committed the prior bad act?
> 2. Does the defendant dispute the issue on which the state is offering the prior bad acts evidence?
> 3. Is other evidence available?
> 4. Is the evidence unnecessarily cumulative?
> 5. How much time has elapsed between the charged crime and the prior bad act?

The district court then must balance the probative value of the uncharged misconduct with its potential for unfair prejudice.

> Evidence is unfairly prejudicial if it tempts the jury to decide the case on an improper basis. In balancing against its probative value the unfair prejudice created by the evidence, the trial court should consider the extent to which the evidence distracts the jury from the central question whether the defendant committed the charged crime.

*Gleason*, ¶ 27, 57 P.3d at 342. To determine if the evidence is unfairly prejudicial the district court must weigh the following factors against the probative value of the evidence: 1) the reprehensible nature of the uncharged misconduct; 2) the sympathetic character of the alleged victim of the uncharged misconduct; 3) the similarity between the charged crime and the uncharged misconduct; 4) the comparative enormity of the charged crime and the uncharged mis-

conduct; 5) the comparable relevance of the uncharged misconduct to the proper and forbidden inferences; and 6) whether the prior act resulted in a conviction. *Id.*, ¶ 27, 57 P.3d at 342–43.

[¶ 20] We have previously recognized that a district court "need not make an express finding on every factor." *Williams*, ¶ 13, 99 P.3d at 442. We only require that the record contain "sufficient findings to support the trial court's conclusions." *Id.* The district court performed the requisite analysis and determined that the evidence was admissible. The court explained its decision:

> As to probative value, apparently, there's no dispute as to the factual basis of the prior act. [Appellant] does dispute the issue for which the State is offering, that is, his statement this only—from what he said on the record this morning, his position is that if there's any touching of this young lady's sexual areas, genital areas, it could well have been [an] unintentional mistake in the course of administering a massage.
>
> The State has committed not to go into the exact nature of the prior conviction. I don't see what other evidence in that area would have been available. It appears not to be unnecessarily cumulative.
>
> Another area that the defense raises I think properly is the time lapse from the date of the incident. It is fairly remote from the date of [Appellant]'s release from incarceration. It is not—it seems to me that given the nature of this case in that light the lapse of time is not as important as it might be in another case.
>
> An adult's improper sexual contact with a child is not something that necessarily would—or the desire to do so would not necessarily dissipate with the passage of time. I don't see how the passage of time would make it any less probative in these circumstances than it might otherwise be.
>
> As to the reprehensible nature, the fact that the prior act involved intercourse, that is one we're talking about now in the present one, does not—would make it a more egregious offense, but the State apparently will not go into that part of it. We have no

information at all as to the sympathetic character or otherwise of the victim in the prior act except that she was 13 years old. The similarity here, I would take issue with [Defense Counsel]. I think there's great similarity, which under this analysis, of course, would militate against its admissibility, the theory being the jury would be more tempted the more similar. There is considerable similarity; that is, improper sexual contact with comparatively quite a young child in isolation or behind closed doors; that is, in the bedroom where if one allegedly happen—or the camping situation of the earlier one.

There's no major disparity in the enormity of these two acts, so I believe that the prior conviction is admissible as to the fact of the child with a 13–year–old or 14–year–old earlier.

The record demonstrates that the district court conducted an appropriate analysis of the 404(b) evidence and establishes a legitimate basis for the court's ruling. We find no abuse of discretion in the district court's decision admitting evidence of Appellant's prior conviction.

### *Jury Instruction*

[¶ 21] In his final issue, Appellant contends that the district court provided an improper limiting instruction to the jury regarding the 404(b) evidence. Appellant did not object to the limiting instruction so we review for plain error. Appellant provides no plain error analysis of the asserted error. On this basis alone, we could decline to consider his argument. *Causey v. State*, 2009 WY 111, ¶ 19, 215 P.3d 287, 293 (Wyo.2009). If we must supply that analysis, we proceed from the well-established precept that plain error will be found "only in exceptional circumstances." *Id.* Under the plain error standard of review, we reverse a trial court's decision only if it is so plainly erroneous that the judge should have noticed and corrected the mistake even though the parties failed to raise the issue. Accordingly, reversal is justified under the plain error standard of review "only in those rare circumstances where the rights lost by appellant were too blatant to assume the trial judge needed them brought to his attention." *Id.*

[¶ 22]The district court provided an oral limiting instruction regarding the prior conviction immediately after the evidence was admitted. The evidence and oral instruction were provided to the jury pursuant to a stipulation of the parties.

THE COURT: [Prosecutor], you're ready to proceed?

[PROSECUTION]: We are, Your Honor. **Pursuant to stipulation** I think the Court has a limiting instruction and a brief statement for the jury.

THE COURT: Yes. Ladies and gentlemen, the Court has allowed into evidence a prior conviction of [Appellant]. He has a prior conviction in Larimer County, Colorado, for sexual contact with a 13–year–old minor girl. The order and judgment is from February of 2000 and stems from an incident occurring in 1997. [Appellant] was approximately 42 years of age at the time of the commission of that offense, and he pleaded guilty in December of 1999.

While that evidence is before you, you must also be instructed as to its proper use. Evidence of the character of an accused may not be allowed for the purpose of proving that he acted in a way consistent with that character or character trait in connection with the offense for which he's now on trial. In other words, you can't take into evidence that since he did it, then he must have done it this time, but it's allowed for other purposes.

It is allowed for other purposes ... That is, conduct other than that alleged in this information is allowed for the purpose of showing motive, intent, plan, absence of mistake or accident on the part of the defendant. The jury must carefully consider that evidence keeping in mind that evidence of this other alleged misconduct is allowed only for the purposes indicated here; that is, the intent, plan, motive, absence of accident or mistake, and not to show that since he did these things on that occasion he's a bad person of bad character, must have done the things that he is charged with in this case.

This instruction is read to you at this time because it's important that you have it at

the same time you receive the evidence of the prior conviction. This instruction will be included in the other instructions also.

[DEFENSE COUNSEL]: Your Honor, just for the record, the defense does maintain its objection to that evidence [for] 404(b) purposes, but does stipulate to the manner of the presentation.

[PROSECUTION]: As State's Exhibit 1 we have a certified exemplified copy of that conviction for the court file, and with that the State would rest its case, Judge.

(Emphasis added.) The jury was also provided with Jury Instruction 7 that included verbatim portions of the oral instruction. Defense counsel was specifically provided the opportunity to object to the instruction but advised the court that he had no objection:

THE COURT: [Defense Counsel] for the defense, do you have any objection to the Court's proposed instructions?

[DEFENSE COUNSEL]: No.

[¶ 23] Appellant contends that the limiting instruction given by the district court allowed the jury to consider the prior conviction for improper purposes. He asserts that the instruction was erroneous because the State did not seek to use the uncharged misconduct as evidence of "motive" or "plan." We disagree. Appellant has failed to establish that he was prejudiced by the instruction.

[¶ 24] The oral limiting instruction was given to the jury pursuant to a stipulation of the parties. The record does not reflect how that stipulation came about or how the stipulation was brought to the attention of the judge. We are unable to tell from the record why the words "plan" and "motive" were included in the instruction. However, we have previously recognized that the State

and the district court must identify the specific purpose of the 404(b) evidence. *Gleason*, ¶¶ 26–27, 57 P.3d at 342. At the motion hearing, the State indicated that it was seeking admission of the evidence for purposes of establishing intent and lack of accident and mistake. The instruction given goes beyond those stated purposes by adding "motive" and "plan" to the instruction. Because the record does not establish clearly that the State sought introduction of the evidence for those purposes, we conclude that Appellant has satisfied the first and second prong of the plain error analysis.

[¶ 25] Appellant, however, has failed to establish that he was prejudiced in any manner by inclusion of the words "motive" and "plan" in the limiting instruction. He concedes that "motive" and "intent," while technically different, are sufficiently similar and related so that no harmful error occurred if the jury considered the prior conviction to prove motive. Additionally, he has not demonstrated that inclusion of the word "plan" in the instruction impacted the verdict. The State did not mention the word "plan" in closing argument. The State only briefly mentioned the prior conviction in its closing argument. Defense counsel and the State both agreed in closing that the jury's decision should be based upon the credibility of the victim. The jury found her testimony believable. We find no plain error.

[¶ 26] Affirmed.